## SUPREME COURT.

FRIEND PITTS *et al*, agt. JOHN PITTS *et al*.

Where in an action for *divorce,* brought by the husband against the wife for
adultery, it is proven that such act of adultery was in fact committed by the
wife on a certain day, and it was also shown that subsequently the husband
condoned such act of the wife by voluntary cohabitation, and for that cause his
complaint was dismissed.

*Held,* that the fact of the commission of such adultery was no bar to a subsequent
action by the wife for the recovery of her inchoate right of dower in her hus-
band's real estate.

It is not adultery, which, of itself, can bar dower. It must be followed by a con-
viction in a suit for divorce by the husband, and such a conviction must be
established by the final decree or judgment in the action. (*See* 2 *R. S.* 146
§48.)

*New York Special Term, November 1st,* 1872.

THIS was a motion to vacate an order directing the pay-
ment of certain moneys paid into court, being the value of
the contingent inchoate right of dower of Rachel Ann Pitts,
one of the defendants, and the wife of John Pitts, another
defendant in this action, which was commenced in January,
1870, for the partition of certain real estate in New York
city. The decree was entered on the 24th day of March,
1870, and the report of sale was confirmed 8th July,
1870.

The said Rachel Ann Pitts refusing to execute a release of
her contingent inchoate right of dower in the premises, the
referee named in the decree was directed to ascertain the
then present value of the said contingent inchoate right of
dower upon the principles of life annuities, which was ac-
cordingly done, and found to amount to the sum of $802 07.
By consent of the parties, this sum was secured by the bond

and mortgage of the purchaser to the referee named in the decree, on part of the premises sold, for the investment and benefit of the wife.

In April, 1869, the said John Pitts commenced an action in this court against his said wife for an absolute divorce upon the ground of adultery. The issues raised therein were referred to a referee to hear, try and determine, who rendered his report, bearing date October, 25th, 1871, whereby he reported that the defendant in said action had been guilty of an act of adultery on the 8th day of April, 1869, and that the plaintiff in said action had voluntary cohabited with his said wife with full knowledge of the act of adultery committed by her, and directed that the complaint in said action for a divorce be dismissed with costs. Upon said report judgment was entered on the 17th day of January, 1872, dismissing the said complaint, and for $446 26 costs in favor of the wife and against the husband.

In August, 1872, the said Rachel Ann Pitts filed a petition in this court setting forth the above facts and praying that said sum of $802 07 be paid over to her, upon which an order of reference was granted *ex parte* to take proof of the facts set forth in said petition. The report of the referee upon this petition was confirmed by an order of this court *ex parte* on the 4th day of September, 1872; and the referee named in the said decree was directed to call in and collect the said bond and mortgage and pay the same over to the petitioner or her attorney. Whereupon the said John Pitts obtained an order to show cause why the said order of September 4th, 1872, should not be vacated and set aside, and why the referee named in the said decree should not be directed to assign and transfer the said bond and mortgage to the said John Pitts with a stay of all proceedings in the meantime on the part of his said wife.

GARDINER, WARD & WAGSTAFF, *for motion.*
RICH'D L. H. FINCH, *opposed.*

FANCHER, *J.*—This is a motion by John Pitts, a defendant, to vacate an order entered in this action on the 4th September, 1872, whereby a referee was directed to collect a mortgage and pay to Rachel Ann Pitts, another defendant (wife of said John Pitts), $802 07-100, being the amount found due her according to the principles of life annuities for her contingent right of dower in the husband's share of the real estate described in the decree herein.

The ground on which the motion is made is that the wife has forfeited her dower by adultery.

It appears that the husband had brought an action for divorce against the wife prior to the judgment of partition herein, in which the referee found that the wife had been guilty of adultery on the 8th of April, 1869, which was prior to the commencement of this partion suit, and that the husband had condoned the offense by subsequent cohabitation with the wife, for which reason the complaint in the divorce action was dismissed.

The husband now moves to have the wife's allowance for right of dower set aside because of such offense.

It is contended by the learned counsel for the motion that the wife was "convicted of adultery" within the meaning of (2 *R. S.* 146, §48,) and thereby forfeited her right of dower. But I think the plain meaning of the statute is that she incurs the penalty of forfeiture of her dower when she is convicted of adultery by the decree or judgment of a competent court in a suit for divorce brought by the husband. It would put a strain upon the statute, which, by fair interpretation, it cannot bear, to construe it to mean some proof of adultery or anything less than a conviction of adultery by a decree or judgment.

It would be going too far to say, that such a conviction had been had whenever a referee has found that the adultery has been proved, though the husband had condoned the offense, and on the report of such facts the complaint of the husband had been dismissed

In such case I think there was no conviction of adultery, within the statute. This will be clear, if we refer to the course of enactments on the subject.

Under the statutes of (*Westm.* 2, 13 *Edw.*, I.,) adultery in the wife, accompanied with elopement, created a forfeiture of dower by way of penalty. But a reconciliation with the husband reinstated the wife in her right. That statute was re-enacted in New York in 1787, and it barred the wife of dower who eloped and lived with an adulterer, unless her husband was subsequently reconciled to her. Our revised statutes have abridged this ancient bar by confining it to cases of dissolution of the marriage contract for misconduct, and to cases of conviction of adultery in a suit for divorce brought by the husband. Elopement and adultery are no longer sufficient to bar dower, but there must be a conviction of adultery in a suit for divorce. It is said in the elementary works which treat of the subject that " a divorce *à vinculo matrimoni* bars the claim of dower. The reason is that the claimant must have been the wife at the death of the husband. The remark thus quoted was well employed by Blackstone, and other old writers, who wrote when the common law was in full vigor, and when unchanged by later statutory enactments. But the remark is not now universally true in our country, for the statutes of many of the States, have created new grounds of divorce *a vinculo*, which were unknown to the common law ; and in such cases the right of dower can only be barred by express statutory enactment. (See *Wait* agt. *Wait*, 4 *N. Y.*, 100).

There was no divorce *a vinculo* at common law for any cause arising subsequent to the marriage.

Not even adultery was a sufficient ground for a divorce *a vinculo* at common law, but only for a decree *a mensa et thora*. It is, therefore, plain that it is not adultery, which of itself can bar dower. It must be followed by a conviction in a suit for divorce by the husband ; and such a con-

viction must be established by the final decree or judgment in a proper action.

It follows that the wife was not barred of her right of dower in this case, and the motion must be denied.

Motion denied and stay of proceedings vacated.